EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ABEL RODRÍGUEZ IRIZARRY c/p CASEY, acusado y apelante.

*Número:* M-76-48        *Resuelto:* 13 de agosto de 1976

*Edwin H. Flores Tirado,* abogado del apelante; los abogados de El Pueblo no comparecieron.

PER CURIAM: Por resolución de 4 de mayo de 1976 requerimos del apelante que en un plazo de 60 días preparase y sometiera para aprobación del tribunal de instancia una exposición narrativa de la prueba desfilada durante el juicio a que fue sometido, en sustitución de la transcripción que fuera autorizada desde noviembre de 1973 y que aún no ha sido preparada. La resolución fue notificada a la Sociedad para Asistencia Legal, que tuvo a su cargo la representación del apelante, y referida por dicha Sociedad al Lcdo. Edwin H. Flores Tirado, abogado que representó al apelante en el acto del juicio.

Oportunamente el Lcdo. Flores Tirado ha presentado ante nos un escrito que titula "Moción informativa" en que hace constar: que el juicio se celebró en octubre de 1973 y debido al tiempo transcurrido no conserva recuerdo de sus detalles como para preparar una adecuada exposición de la prueba; que trató de conseguir en la oficina de la Sociedad para Asistencia Legal, de la cual ya no es miembro, las notas tomadas por él durante el juicio pero no se conservan; que se comunicó con el juez que presidió el proceso para obtener el beneficio de sus notas y éste le informó que no las tiene; que ha tratado de comunicarse con la estenotipista que tomó las incidencias del juicio pero no la ha podido localizar, toda vez que ya no trabaja en Mayagüez, donde se celebró el juicio, y no ha podido informarse de su paradero; y, que se comunicó con el fiscal que sostuvo la acusación y éste le manifestó que no conserva notas del proceso, ni estará en su oficina hasta pasados 30 días de vacaciones que ahora disfruta.

Termina su escrito el Lcdo. Flores Tirado proponiendo en la alternativa las siguientes solucionés: (1) que se le conceda un plazo adicional para seguir gestionando la localización de

la estenotipista y comunicarse con ella y preparar la exposición narrativa; (2) que se ordene a la estenotipista transcribir sus notas; (3) que se ordene la celebración de un nuevo juicio; o, (4) que se reduzca la sentencia impuesta al apelante, que fue de 5 a 15 años de reclusión, la cual cumple desde que fue sentenciado.

Nos parece más aceptable la primera solución sugerida por el Lcdo. Flores Tirado. Se dictará resolución para ordenar al Director de la Oficina de Administración de los Tribunales que informe prontamente al Lcdo. Flores Tirado la dirección de la estenotipista Purificación Velázquez, que tomó las incidencias del juicio; se concederá un término de treinta días a dicho abogado a partir de la fecha en que obtenga dicha información para que prepare la exposición narrativa con la ayuda de la estenotipista, quien deberá prestar toda su cooperación para dicho fin. Una vez preparada la exposición narrativa, deberá notificarse con copia de ella al fiscal y al abogado que intervino como juez, y someterse al Tribunal Superior, Sala de Mayagüez, para el trámite de su aprobación y su envío a este Tribunal.

La responsabilidad de un abogado para con su cliente y para con el sistema judicial—de que es parte esencial —respecto de perfeccionar un recurso ante nos mediante la preparación de una exposición de la prueba en sustitución de la transcripción de las notas taquigráficas, no cesa porque el abogado haya cesado en su obligación de continuar representando al cliente. El conocimiento que el abogado hubiere adquirido de los pormenores de la causa que una vez representó, y las notas tomadas por él sobre la prueba desfilada en el acto del juicio, deben estar siempre disponibles para el que fue su cliente y para beneficio del sistema judicial. Nada menos puede exigirse del cumplimiento cabal y ético de las responsabilidades de un abogado. *Cf. Díaz* v. *Gaud*, 104 D.P.R. 602 (1976).

■ Complace a este Tribunal cuando se satisfacen plenamente esas exigencias del quehacer profesional de un abogado, y es con mucha satisfacción que señalamos como ejemplo de ello la actividad desplegada por el abogado Edwin H. Flores Tirado en relación con el recurso de epígrafe.